IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-65-BO

| | |
|---|---|
| SHARON KALTENEGGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22, 30]. A hearing on this matter was held in Elizabeth City, North Carolina on January 14, 2015. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on September 1, 2010, alleging disability beginning June 15, 2003 [Tr. 223, 227]. Her date last insured was March 31, 2009. [Tr. 25]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 23, 2012, at which Ms. Kaltenegger appeared pro se. The ALJ rendered an unfavorable decision on August 3, 2012. The Appeals Council denied Ms. Kaltenegger's request for review, rendering the ALJ's decision the final decision of the Commissioner. Ms. Kaltenegger now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Ms. Kaltenegger was 42 years old as of her alleged onset date and 51 at the time of the ALJ's decision. [Tr. 20, 223]. She has a GED and past work experience as a kitchen food

assembler and dry cleaning clerk. [Tr. 46, 48]. Ms. Kaltenegger alleges disability due to back pain, hepatitis C, bipolar disorder, and ADHD. The ALJ did not have plaintiff's mental health records from her current treatment provider as of the date of the hearing. [Tr. 49].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last insured. [Tr. 25]. Ms. Kaltenegger's degenerative disc disease, right carpal tunnel syndrome, history of cocaine abuse, bipolar disorder, and attention deficit hyperactivity disorder (ADHD) qualified as a severe impairment at step two but was not found to meet or equal a Listing at step three. [Tr. 25–26]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. [Tr. 27]. The ALJ then found at step four that Ms. Kaltenegger was capable of performing her past relevant work as a kitchen food assembler and flatwork tier. [Tr. 34]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

[*Id.*]

Here, plaintiff alleges that the ALJ erred by failing to give controlling weight to the opinion of plaintiff's treating physician, and by failing to accurately categorize plaintiff's past relevant work, and accordingly, by failing to posit an appropriate hypothetical to the vocational expert (VE).

When "[a] treating physician's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." SSR 96-2p; *see also Stephens v. Astrue*, 533 F. Supp. 2d 598, 600 (E.D.N.C. 2008) (citing 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). The ALJ found that the opinion of plaintiff's treating physician, Dr. Zimmerman, was due little weight because her conclusions regarding plaintiff's significant physical limitations were "inconsistent with the clinical findings in evidence." [Tr. 33]. The ALJ's decision to give Dr. Zimmerman's opinion less than controlling weight is not supported by substantial evidence. A

3

review of the record shows that Dr. Zimmerman's conclusions are consistent with March 2012, MRI results showing lumbar nerve root impingement [TR. 819] and treatment with bilateral steroid injections and treatment with Percocet and Naprocyn [Tr. 799–800]. It is clear that the ALJ failed to fully consider the parts of the record which support Dr. Zimmerman's opinion and as such the ALJ's decision to afford it limited weight is not supported by substantial evidence. Dr. Zimmerman's opinion should be given controlling weight.

Moreover, the ALJ erred by finding that Ms. Kaltenegger could perform her past relevant work as a kitchen food assembler, DOT # 319.484-010 and flatwork tier, DOT # 361.5870919. The job of kitchen food assembler has an SVP of three, which is semi-skilled work, but the ALJ's hypothetical posited that Ms. Kaltenegger was limited to simple, routine, repetitive work. [Tr. 65–66]. Accordingly, the ALJ erred by finding that Ms. Kaltenegger, who was limited to simple, routine, repetitive, work, could do the semi-skilled work of a kitchen food assembler.

The ALJ also found that Ms. Kaltenegger could do the job of flatwork tier, which the VE characterized as covering her work at the dry cleaner. [Tr. 65]. The record does not contain evidence, however, of Ms. Kaltenegger doing the work of a flatwork tier. The Commissioner's evidence categorized her dry cleaning work as an assembler, DOT # 369.687-010 and a dry cleaner clerk, DOT # 299.677-010. [TR. 87]. The first of these jobs, assembler, has an SVP of three, and thus is unsuited for Ms. Kaltenegger because it is semi-skilled work. The second job requires continual contact with the public, *see* DOT # 299.677-010, which is contrary to the limitation stated in the hypothetical that Ms. Kaltenegger only have incidental contact with the public. Accordingly, the ALJ erred in finding that Ms. Kaltenegger was capable of doing her past relevant work because neither of the jobs posited to the VE in the hypothetical correspond with plaintiff's actual past relevant work.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to treat Dr. Zimmerman's opinion as controlling, accurately characterize Ms. Kaltenegger's past relevant work and posit an appropriate hypothetical to the VE. The Commissioner is to pay particular attention to whether plaintiff was disabled prior to her 2009 date last insured for purposes of the Title II benefits, and, if not, then whether she was disabled during the period from December 2010 to December 2013 for purposes of the Title XVI benefits.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 26 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE